RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
THE PRUDENTIAL INSURANCE CO. OF
AMERICA, Real Party in Interest, and
TOWNSEND AND TOWNSEND AND CREW
LLP LONG TERM DISABILITY PLAN

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BURGESS,<br><br>                    Plaintiff,<br>     vs.<br><br>TOWNSEND AND TOWNSEND AND<br>CREW LLP LONG TERM DISABILITY<br>PLAN<br>                    Defendant,<br>_____<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br><br>                    Real Party in Interest.<br>_____ | CASE NO. C07-05310 (JSW) (ADR)<br><br>**ANSWER TO COMPLAINT FOR<br>ERISA BENEFITS** |

COME NOW Defendants THE PRUDENTIAL INSURANCE CO. OF AMERICA

("Prudential"), Real Party in Interest, and TOWNSEND AND TOWNSEND AND CREW LLP

LONG TERM DISABILITY PLAN ("Defendants") for themselves and no others, and answer

the Complaint of Plaintiff LINDA BURGESS ("Plaintiff" or "Burgess") in accordance with the

numbered paragraphs therein:

### JURISDICTION

1.      Defendants admit the allegations in Paragraph 1.

2.      Defendants admit that Plaintiff is a beneficiary of the Townsend and Townsend

and Crew LLP ("Townsend") Long Term Disability Plan (the "Plan"), and the Plan is an

*Gordon & Rees LLP*
*Embarcadero Center West*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 employee benefit plan under the Employee Retirement Income Security Act of 1974.  Except as

2 specifically admitted, Defendants deny for lack of information and knowledge each and every

3 remaining allegation of Paragraph 2.

4      3.    Defendants admit that Prudential is a corporation which acts as a fiduciary of the

5 Plan and insures the Plan.  Defendants deny the remaining allegations of Paragraph 3.

6      4.    Defendants admit the allegations of Paragraph 4.

7      5.    Defendants admit the allegations of Paragraph 5.

8      6.    Defendants admit Plaintiff appealed the termination date.  Defendants deny the

9 remaining allegations of Paragraph 6.

10      7.    Defendants admit the Plan pays a benefit equal to 66.67% of salary after a 90-day

11 elimination period for a period defined by the Plan terms if all conditions of the Plan are met.

12 Except as specifically admitted, Defendants deny for lack of information and knowledge each

13 and every remaining allegation of Paragraph 7.

14      8.    Defendants deny for lack of information and knowledge each and every allegation

15 of Paragraph 8.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

18      9.    The Complaint and the claim in it asserted against Defendants fails to set forth

19 facts sufficient to constitute a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE

21      10.    Based upon a full review of the materials obtained during the course of

22 Prudential's investigation of Plaintiff's claim, the medical information did not support a

23 functional impairment precluding Plaintiff from performing her regular occupation.  Therefore,

24 she did not meet the requirements for benefits under the Plan terms and is not entitled to recover

25 any benefits.

### THIRD AFFIRMATIVE DEFENSE

27      11.    Defendants are entitled to an offset against any monies for which they may be

28 found liable to Plaintiff for any recovery Plaintiff has received from third parties who were

1   responsible for Plaintiff's alleged losses, if any, as well as from other disability benefits she has

2   received, pursuant to the terms of the Plan.

3   ### FOURTH AFFIRMATIVE DEFENSE

4       12.    If Plaintiff sustained any injuries or damages as a result of the conduct

5   complained of herein, then Plaintiff proximately caused, aggravated and/or failed to take proper

6   action to reduce and/or mitigate such injuries or damages.

7   ### FIFTH AFFIRMATIVE DEFENSEE

8       13.    Each and every act or statement done by Defendants and their officers, employees

9   or agents, with reference to the matters at issue were made pursuant to and consistent with the

10   terms of the Plan.

11   ### SIXTH AFFIRMATIVE DEFENSE

12       14.    Plaintiff's claim against Defendants is barred by acts, omissions, representations,

13   and courses of conduct by Plaintiff and her agents, by which Defendants were led to rely to their

14   detriment, thereby barring, under the doctrine of equitable estoppel, Plaintiff's claim against

15   Defendants.

16   ### SEVENTH AFFIRMATIVE DEFENSE

17       15.    Each and every act or statement done or made by Defendants and its officers,

18   employees, agents or insurers with reference to the matters at issue, was a good faith assertion of

19   the rights and obligations of Defendants and, therefore, was privileged and justified.

20   ### EIGHTH AFFIRMATIVE DEFENSE

21       16.    Plaintiff failed to comply with all the requisite conditions precedent and

22   subsequent for long term disability benefits under the Plan.

23   ### NINTH AFFIRMATIVE DEFENSE

24       17.    Defendants had a duty to other participants in Townsend's Plan to investigate

25   Plaintiff's disability claim and to determine whether it was properly payable under any contract

26   of insurance.  Defendants, in discharging that duty, acted properly at all times.

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT FOR ERISA BENEFITS [Case No. C07-05310 (JSW) (ADR)]

PRU/1047952/5209253v.1

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

## TENTH AFFIRMATIVE DEFENSE

18.    Plaintiff has by conduct, agreement or otherwise, and with knowledge of the matters set forth in the Complaint, accepted the benefits of any acts or omissions on the part of these Defendants and Plaintiff has waived any causes of action set forth in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

19.    Plaintiff did not suffer from physical restrictions or limitations of a severe nature that would have prevented Plaintiff from performing the material duties of her regular occupation.

## TWELFTH AFFIRMATIVE DEFENSE

20.    Plaintiff did not suffer from physical restrictions or limitations of a severe nature that would have prevented Plaintiff from performing the material duties of any gainful occupation.

## THIRTEENTH AFFIRMATIVE DEFENSE

21.    Plaintiff was not totally disabled as defined by the terms and conditions of the Plan in that she was able to perform the material duties of her regular occupation.

## FOURTEENTH AFFIRMATIVE DEFENSE

22.    Plaintiff was not totally disabled as defined by the terms and conditions of the Plan in that she was able to perform the material duties of any gainful occupation.

## FIFTEENTH AFFIRMATIVE DEFENSE

23.    Assuming, but not conceding the validity of Plaintiff's claim, Plaintiff is not entitled to recover attorney's fees to the extent unreasonable.

## SIXTEENTH AFFIRMATIVE DEFENSE

24.    Plaintiff's Complaint does not state the underlying claim made against Defendants with sufficient particularity to enable Defendants to determine all of their defenses (including defenses based upon the terms, conditions or exclusions of the Plan at issue).  Defendants therefore reserve their rights to assert all applicable defenses to the Complaint once the precise nature of such claim is determined.

WHEREFORE, Defendants pray for judgment as follows:

ANSWER TO COMPLAINT FOR ERISA BENEFITS [Case No. C07-05310 (JSW) (ADR)]

PRU/1047952/5209253v.1

1.    That judgment be entered in favor of Defendants;

2.    That Plaintiff be awarded nothing;

3.    That Defendants be awarded costs, expert witness fees and reasonable attorney's fees from Plaintiff; and,

4.    For such other and further relief as this Court deems just and proper.

DATED: ___11/19___, 2007

GORDON & REES LLP

By_____

Ronald K. Alberts
Tad A. Devlin
Attorneys for Defendant
THE PRUDENTIAL INSURANCE CO. OF AMERICA, Real Party in Interest, and TOWNSEND AND TOWNSEND AND CREW LLP LONG TERM DISABILITY PLAN

ANSWER TO COMPLAINT FOR ERISA BENEFITS [Case No. C07-05310 (JSW) (ADR)]

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

PRU/1047952/5209253v.1