1  RONALD K. ALBERTS (SBN 100017)
   TAD A. DEVLIN (SBN 190355)
2  GORDON & REES LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone: (415) 986-5900
4  Facsimile:  (415) 986-8054

5  Attorneys for Defendants
   THE PRUDENTIAL INSURANCE
6  COMPANY OF AMERICA and
   TOWNSEND AND TOWNSEND AND
7  CREW LLP LONG TERM DISABILITY
   PLAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| LINDA BURGESS, | CASE NO. C07-05310 (JSW) |
|---|---|
| Plaintiff, | **AMENDED JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| TOWNSEND AND TOWNSEND AND CREW LLP LONG-TERM DISABILITY PLAN, | Date:   January 25, 2008<br>Time:   1:30 p.m.<br>Dept.:  2<br>Judge:  Hon. Jeffrey S. White |
| Defendant. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Real Party in Interest. | |

Plaintiff Linda Burgess ("plaintiff") and defendants The Prudential Insurance Company of America and Townsend and Townsend and Crew LLP Long Term Disability Plan (collectively referred to as "defendants") jointly submit this Amended Case Management Statement pursuant to Civil Local Rule 16-10 and the court's standing orders.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1. **Jurisdiction and Service:**

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. section 1331, because relief is sought under an employee welfare benefit plan governed by ERISA, 29 U.S.C. section 1001 *et seq.*, thereby presenting a federal question. All parties were served and have appeared.

2. **Facts:**

**Plaintiff's Statement of the Case:**

Mrs. Burgess, a legal secretary with Townsend, Townsend and Crew, suffers from longstanding fibromyalgia, which had been intermittently disabling for many years, and became permanently disabling subsequent to some foot surgery in July 2005. Defendant paid her disability benefits from October 11 through November 13, 2005 based upon the normal recovery time for the foot surgery and then discontinued them. The parties dispute whether Mrs. Burgess remains disabled. Following exhaustion of her administrative remedies, Mrs. Burgess brought this action to recover additional long term disability benefits.

**Defendants' Statement of Case:**

Defendants contend the decision to terminate plaintiff's long term disability benefits was correct. Plaintiff's long term disability benefits were terminated because it was determined plaintiff was no longer disabled from performing the material and substantial duties of her regular occupation. The medical evidence pertaining to plaintiff did not support a functional impairment that would prevent plaintiff from performing the material and substantial duties of her regular occupation.

Defendants contend that, based on a review of documentation in the Administrative Record, plaintiff was not eligible to receive benefits because she was not disabled from performing the material and substantial duties of her regular

-2-
AMENDED JOINT CASE MANAGEMENT STATEMENT
Case No. C07-05310 (JSW)

occupation. The Administrative Record shows that plaintiff was not eligible for coverage pursuant to the terms of her Plan and defendants' decision was proper.

### 3. Issues in Dispute:

**Factual issues in dispute:**

Whether plaintiff satisfied the Plan's definition of disability as of the date of denial of the claim for benefits.

**Legal issues in dispute:**

The Plan has discretionary language. Defendants contend the court should review defendants' decision to terminate benefits for abuse of discretion.

Plaintiff argues that the Plan did not provide a full and fair review as required by *Abatie*, and that the Plan failed to provide a clear and coherent explanation of what was missing from the proof of claim as required by *Bootie* and *Saffon*. Plaintiff contends that the failure of the Plan to act appropriately will affect the existence of and amount of deference granted to the Plan.

These issues can be addressed concurrently with the hearing on the merits.

### 4. Motions:

The parties do not anticipate the need to file motions in order to narrow the issues. However, the parties reserve their right to file appropriate motions.

### 5. Amendment of Pleadings:

Not applicable.

### 6. Evidence Preservation:

Not applicable.

### 7. Disclosures:

Defendants will produce the Administrative Record on or before March 5, 2008. In the event plaintiff deems the record incomplete, she will notify defendants' counsel by March 19, 2008. Defendants' counsel will have an opportunity to object to plaintiff's proposed supplementation.

-3-
AMENDED JOINT CASE MANAGEMENT STATEMENT
Case No. C07-05310 (JSW)

**8. Discovery:**

Mrs. Burgess may desire some discovery after she reviews the administrative record. She does not anticipate requiring any change to the usual discovery limits. Burgess agrees that if any discovery is permitted, expert and non expert discovery cut off will be June 10, 2008.

Defendants contend there is no basis to conduct discovery and the court should not permit any additional discovery. *Newman v. Standard Ins. Co.*, 997 F.Supp. 1276, 1280-1281 (C.D. Cal. 1998).

**9. Related Cases:**

There are no related cases.

**10. Relief:**

**Plaintiff's Request for Relief:**

Mrs. Burgess earned $6,041.66 monthly. The Plan pays a benefit of 66.6% of salary, or $4,027.98 a month, which is owed from November 13, 2005 until the time of judgment. Past benefits and future benefits due through age 65 totals approximately $521,000.00 disregarding prejudgment interest on past due benefits and reduction to present value of future benefits.

**Defendants' Response:**

Plaintiff is not entitled to receive future long term disability benefits under the terms of the Plan. Under the Plan, plaintiff is only entitled to benefits so long as she is disabled. The court cannot make any determination of future benefits, because of the availability of sedentary employment for plaintiff and technological advances that allow gainful alternative employment.

**11. Settlement and ADR:**

The parties agree to court-sponsored mediation assignment.

**12. Arbitration or Magistrate Assignment:**

The parties do not believe this matter is appropriate for arbitration, and they

-4-
AMENDED JOINT CASE MANAGEMENT STATEMENT
Case No. C07-05310 (JSW)

decline to stipulate to trial by magistrate.

13. **Narrowing of Issues:**

See section 4, Motions.

14. **Trial:**

The parties agree the streamlined procedures applicable in an ERISA trial should apply. An ERISA trial does not involve the normal parameters of a typical trial. See *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094-1095 (9th Cir. 1999) (*en banc*). Defendants contend trial is not by jury, but to the bench. The parties do not anticipate calling live witnesses or experts, and any testimonial evidence submitted will be in the form of declarations. The only documentary evidence presented will be the Administrative Record.

Plaintiff contends that in some instances, evidence outside the administrative record is permitted. Plaintiff agrees that trial is to the bench.

The parties agree the matter should be decided on the parties' trial briefs and the Administrative Record, and any additional evidence which may be permitted. The parties request the simultaneous exchange of opening trial briefs followed by responding trial briefs for this matter. *Kearney, supra*, 175 F.3d at 1090.

The parties agree to file opening trial briefs on June 20, 2008, and responsive briefs on July 11, 2008. The parties further agree to a bench trial date set for July 25, 2008. The parties estimate a four-hour bench trial. It is anticipated Laurence Padway will try the case for plaintiff, and Tad Devlin will try the case for defendants.

The parties agree the pretrial filings normally required, such as pretrial conference statements, are unnecessary because of the limited scope of the trial. The parties specifically request a waiver of the Rule 16 pretrial conference and related pretrial requirements, pursuant to Ninth Circuit precedent.

15. **Disclosure of Non-party Interested Entities or Persons:**

None.

16. **Other Matters:**

None.

DATED: January 22, 2008

GORDON & REES LLP

By _____
Tad A. Devlin
Attorneys for Defendants
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA and
TOWNSEND AND TOWNSEND AND
CREW LLP LONG TERM DISABILITY
PLAN

DATED: January 4, 2008

Law Offices of LAURENCE F. PADWAY

By _____
Laurence F. Padway
Attorneys for Plaintiff
LINDA BURGESS