Laurence F. Padway (SBN 083914)
Karen K. Wind (SBN 124852)
LAW OFFICES OF LAURENCE F. PADWAY
1516 Oak Street, Suite 109
Alameda, CA 94501
Telephone: (510) 814-6100
Facsimile: (510) 814-0650

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BURGESS,<br><br>    Plaintiff,<br><br>v.<br><br>TOWNSEND AND TOWNSEND AND CREW LLP LONG TERM DISABILITY PLAN,<br><br>    Defendant,<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Real Party in Interest. | CASE NO. C07-05310 JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO ALLOW DISCOVERY**<br><br>Date:   June 20, 2008<br>Time:  9:00 a.m.<br>Ctrm:   2 (17th Floor)<br>Judge:  Honorable Jeffrey S. White |

        This action seeks review of a failure to extend benefits under a long term disability plan covered by the Employee Retirement Income Security Act of 1974, 28 U.S.C. 1132. Plaintiff now moves for an order to allow discovery.

# FACTS

**1. Claim History.**  Plaintiff is a beneficiary of the Townsend and Townsend and Crew LLP Long Term Disability Plan ("Plan"), which is funded by an insurance policy issued by real party in interest The Prudential Insurance Company of America ("Prudential").  Prudential is the claims administrator and makes the decisions regarding benefits under the Plan.

Plaintiff became disabled on July 14, 2005, while covered under the Plan, and she was approved for benefits by Prudential for the period October 11, 2005 through November 13, 2005.  Plaintiff appealed the termination of her benefits.  Her final appeal was denied by Prudential by letter to her counsel dated August 3, 2007, which letter referenced a file review performed by an unidentified "independent physician who is Board Certified in Rheumatology and Internal Medicine."  Plaintiff then filed suit to recover benefits under the Plan.

**2. Defendant's Initial Disclosures.**  Defendant's initial disclosures produced under F.R.C.P. 26(a)(1) contained an independent peer review report dated July 24, 2007, from MLS National Medical Evaluation Services, Inc. ("MLS").  The review was prepared by Dr. Paul F. Howard, whose listed qualifications included "Board Certified, American Board of Internal Medicine" and "Subspecialty Board in Rheumatology."  Large sections of Dr. Howard's report were copied nearly verbatim in Prudential's August 3 denial letter.

Defendant's initial disclosures also contained a copy of a long-term disability insurance plan dated August 1, 2006, issued by Prudential for Townsend and Townsend and Crew LLP,  and a  summary plan description ("SPD").  The SPD states: "The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits."  The plan document itself, however, does not contain that discretionary language.

**3. Plaintiff's Discovery Requests.**  As directed by the court, the parties' counsel did meet and confer regarding threshold issues of the case.   For one, counsel agreed to stipulate that de novo is the appropriate standard of review.   However, counsel could not agree with respect to the issue of discovery.

By letter to Prudential's counsel dated April 24, 2008,  Plaintiff's lead counsel requested limited discovery in this action, generally described as follows:

1. Interrogatories regarding the number and disposition of disability reports received by Prudential from Dr. Howard in each of the past five years, or, alternatively, a deposition of Dr. Howard;

2. Interrogatories regarding the number and disposition of disability reports received by Prudential from MLS in each of the past five years; and

3. Production of documents relating to Prudential's group disability policy form filings with the California Department of Insurance, and to the history and effect on premium cost related to elimination of discretionary language in the policy.

*See* Exhibit 1 of the Declaration of Karen K. Wind ("Wind Declaration"), filed herewith.

By letter dated May 9, 2008,  Prudential's counsel objected to any discovery by Plaintiff.  *See* Wind Declaration, Exhibit 2. That same day, Plaintiff's lead counsel responded with a letter to Prudential's counsel explaining why discovery was allowable in this action.  *See* Wind Declaration, Exhibit 3.   To date, Plaintiff's lead counsel has received no response.

 As the parties have reached an impasse regarding this issue, Plaintiff now moves the court to allow all of  the discovery requested in her lead counsel's letter dated April 24, 2008.

# ARGUMENT

The parties have agreed to a de novo standard of review. Thus, it is without question that this court may consider additional evidence when deciding whether Plaintiff is entitled to benefits under the Plan. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 973 (9th Cir. 2006) ("[W]hen de novo review applies, the court is not limited to the administrative record and may take additional evidence.") At this juncture, however, the issue is <u>not</u> whether information sought by Plaintiff will be admissible at the time of summary judgment. Rather, the issue now is whether the information sought is discoverable. *Waggener v. UNUM Life Ins. Co. of America*, 238 F.Supp.2d 1179, 1182 (S.D. Cal. 2002)

In general, a party may obtain discovery of any matter that is relevant to the action. F.R.C.P. 26(b)(1). Here, Plaintiff has made limited requests for information that may show bias by Prudential's hired consultants and that Prudential may not be a neutral administrator with respect to this particular Plan.

**A. Dr. Howard and MLS.** Information regarding Prudential's past experience with Dr. Howard and MLS is relevant. It goes directly to the credibility of Dr. Howard and to the reliability of the MLS report, which was a primary basis for denying Plaintiff's final appeal.

The bias of hired consultants is a common concern in disability benefit cases. As the Ninth Circuit noted in *Regular v. Delta Family-Care Disability Survivorship Plan*:

> Indeed, far more troubling is the conflict of interest inherent when benefit plans repeatedly hire particular physicians as experts. Especially in cases such as this one, where the plan administrator is also the funding source, these experts have a clear incentive to make a finding of "not disabled" in order to save their employers' money and to preserve their own consulting arrangements.

266 F.3d 1130, 1143 (9th Cir. 2001).

Although the holding of *Regular* was overruled in *Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003), the Supreme Court agreed with the Ninth Circuit's perception about potentially biased consultants:

> Nor do we question the Court of Appeals' concern that physicians repeatedly retained by benefits plans may have an 'incentive to make a finding of 'not disabled' in order to save their employers' money and to preserve their own consulting arrangements.'

538 U.S. at 832.

Other courts also caution against "consultant[s] . . . hired by the administrator of a private plan [who] . . . may have financial incentive to be hard-nosed in his claims evaluation in order to protect the financial integrity of the plan and of the employer that funds it." *Hawkins v. First Union Corp. Long Term Disability Plan*, 326 F.3d 914, 917 (7th Cir. 2003). Accordingly, it is appropriate for a plaintiff in an ERISA action to discover the extent to which physicians and outside contractors have participated in previous claims handling for an insurance company. *See Waggener*, 238 F.Supp.2d at 1187.

**B. Policy History.** Plaintiff's requests for Prudential's policy information are appropriate for discovery because of the inconsistency between the Plan and the SPD regarding Prudential's discretionary authority to decide benefit claims. The Plan does not give Prudential discretionary authority; but the SPD does. At this point, it is unclear why this inconsistency exists. It may be that Prudential changed the Plan in response to the February 27, 2004, order by the California Insurance Commissioner revoking approval of policy forms with discretionary language. *Cf. Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 867 (9th Cir. 2008). Or it may be that Plaintiff's former employer negotiated with Prudential to have the discretionary language removed from the Plan. In any case, the lack of discretionary language in the policy could have caused Prudential to expect a greater claims costs for this particular Plan, as a denial of benefits is more likely to be reversed by a court upon de novo review. However, keeping the language in the SPD may have helped mitigate those possible costs. The SPD is the

1  document distributed to participants, and SPD language that Prudential had "sole discretion" to
2  decide eligibility for benefits could have had a chilling effect on a participant's decision whether
3  to appeal a claim denial.  If, in fact, the discrepancy between the Plan and the SPD exists because
4  of underwriting considerations, then Prudential may not have been acting as a neutral claims
5  administrator.  Plaintiff should have the opportunity to discover how this possible lack of
6  neutrality may have affected the handling of her claim. *Cf. Waggener*, 238 F.Supp.2d at 1199
7  (allowing discovery of documents related to the underwriting of, and specific language in, a
8  particular policy).

10  Plaintiff emphasizes that discovery of the Plan history is not to establish the
11  standard of review – again, the parties have stipulated to de novo review.  Discovery is to
12  develop the history of the evidence that will be before the court on summary judgment.  When
13  language is inconsistent, there is nothing more relevant to making a benefit determination than
14  knowing the history of the policy on which the claim is based.  When courts determine how a
15  statute is to be interpreted, do they not look to the legislative history?

**CONCLUSION**

19  Plaintiff's discovery requests are limited, and they are neither overly broad nor
20  open-ended.   The information requested can be obtained by Plaintiff only through discovery.  All
21  of the information requested is relevant to Plaintiff's claim under this particular Plan.  Discovery
22  is therefore appropriate under F.R.C.P. 26(b)(1).  Accordingly, Plaintiff respectfully requests
23  that the court issue an order allowing all of the discovery requested in Exhibit 1 of the Wind
24  Declaration filed herewith.

26  Dated:  May 16, 2008                                          _____/s/_____
                                                                                Karen K. Wind
27                                                                              Attorney for Plaintiff Linda Burgess