Laurence F. Padway (SBN 083914)
Karen Wind (SBN 124852)
LAW OFFICES OF LAURENCE F. PADWAY
1516 Oak Street, Suite 109
Alameda, CA 94501
Telephone:  (510) 814-6100
Facsimile:   (510) 814-0650

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BURGESS,<br><br>            Plaintiff,<br><br>v.<br><br>TOWNSEND AND TOWNSEND AND CREW LLP LONG TERM DISABILITY PLAN,<br><br>            Defendant, | CASE NO. C07-05310 JSW<br><br>DECLARATION OF KAREN K. WIND IN SUPPORT OF MOTION TO ALLOW DISCOVERY |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>            Real Party in Interest. | |

I, KAREN K. WIND, declare that:

1. I am one of the attorneys for Plaintiff Linda Burgess.

2. On April 24, 2008, Laurence Padway, lead attorney for Plaintiff Linda Burgess, sent a letter to Tad Delvin of Gordon & Rees LLP, attorneys for defendant, making several

discovery requests. I attach as Exhibit 1 what I believe to be a true and correct copy of the letter sent from Laurence Padway to Tad Devlin on April 24, 2008, based on the file on record in our office.

3. On May 9, 2008, Ronald K. Alberts of Gordon & Rees responded to Mr. Padway's letter, and refused to comply with the discovery requests. I attach as Exhibit 2 what I believe to be a true and correct copy of the letter sent from Ronald K. Alberts to Laurence F. Padway on May 9, 2008, based on the file on record in our office.

4. As a good faith effort to confer with opposing counsel regarding the discovery requests, on May 9, 2008, Mr. Padway sent a letter in reply to Mr. Albert's refusal, to which no response has been received as of yet. I attach as Exhibit 3 what I believe to be a true and correct copy of the letter sent from Laurence Padway to Ronald Alberts on May 9, 2008, based on the file on record in our office.

5. Good cause exists for compelling discovery because the information requested is relevant and otherwise unavailable to Plaintiff.

I certify under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 16, 2008 at Alameda, California.

Dated: May 16, 2008                          /s/_____
                                             Karen K. Wind

**EXHIBIT 1**

Law Offices of
# LAURENCE F. PADWAY

Board Certified in Civil Trial Advocacy, NBTA
Diplomate, National College of Advocacy

Writer's Direct Tel : (510) 814-0680
Facsimile : (510) 814-0650
Office Number : (510) 814-6100

1516 Oak Street
Suite 109
Alameda, CA 94501

E-mail : Lpadway@padway.com

April 24, 2008

Tad Devlin
Gordon and Rees
275 Battery Street, Suite 2000
San Francisco, Ca 94111

Re: Burgess v. Prudential

Dear Mr. Devlin:

We would like to propound the following interrogatories:

1. How many disability reports has Prudential received from Dr. Paul Howard in each of the past five years?

2. How many of those favored payment of disability benefits?

3. How many of those opposed payment of disability benefits?

If there are more than 25 reports, we would limit our request to the most recent 25 reports, and request the dates of those reports. If Prudential does not have that information available, we would be willing to substitute a deposition of Dr. Howard which would take no more than two hours. There are two other options which would be reasonable. Option 1. We would accept a statement from Dr. Howard that he has reviewed the 25 most recent reports he has written at the request of MLS (or all of the reports he has written at their request in the past year, in which case he should state the number of those), and provide the number of occasions on which he has agreed with the treating physician as to the 1) diagnosis 2) prognosis and 3) extent of disability of the patient, and the number of occasions as to which he has disagreed on those items. As to each report, the doctor should indicate the type of case (i.e., auto collision, disability insurance, medical malpractice), if he knows. Option 2. We would accept a statement of this same information from MLS.

Additionally, we would like to propound the following interrogatories:

1. How many disability reports has Prudential received from MLS in each of the

Mr. Tad Devlin
Page 2
April 24, 2008

past five years?

      2. How many of those favored payment of disability benefits?

      3. How many of those opposed payment of disability benefits?

Here, again, if there are a voluminous number of medical reports, we would be pleased to limit this to a reasonable number of the most recent reports or the reports closest in time to the report in issue in this case.

      In addition, it appears that Prudential changed its form policy from one which did not contain discretionary language to one where the policy is silent on discretion and discretionary language is added to the summary plan description. In order to understand the origin of this, we request that Prudential produce:

      1. All applications made to the California Department of Insurance for approval of group disability policy forms from January 1, 1999 to date, and all correspondence to and from the California Department of Insurance with respect thereto.

      2. All correspondence or other writings between Prudential and Townsend where Townsend was offered the opportunity to eliminate the discretionary language in exchange for a higher premium.

      3. Writings sufficient to show the premium difference which Prudential would charge to eliminate the discretionary language, that is the percentage increase.

      Please advise if this discovery can be accomplished.


      Very truly yours,


      Laurence F. Padway

**EXHIBIT 2**

RONALD K. ALBERTS
RALBERTS@GORDONREES.COM

# GORDON & REES LLP

ATTORNEYS AT LAW
633 WEST FIFTH STREET, SUITE 4900
LOS ANGELES, CA 90071
PHONE: (213) 576-5000
FAX: (213) 680-4470
WWW.GORDONREES.COM

May 9, 2008

**Via E-Mail**

Laurence F. Padway
Law Offices of Laurence F. Padway
1516 Oak Street, Suite 109
Alameda, CA 94501

    Re:  *Burgess v. Townsend, et al.*
         U.S. District Court, Northern District of California
         Civil Case No. C07-05310

Dear Mr. Padway:

    I have received the Stipulation and [Proposed] Order to Extend Time to File Motion to Allow Discovery and agree that it may be filed.

    This letter is in response to yours dated April 24, 2008 wherein you propose conducting certain discovery in this matter either by propounding interrogatories or deposing Dr. Paul Howard. Alternatively, you suggest obtaining a written statement from either Dr. Howard or MLS providing certain information about prior work, if any, performed at Prudential's request.

    As you know, Prudential stipulates that the claim determination at issue here should be reviewed *de novo* by the District Court. As a result, discovery into any "conflict of interest" is purposeless and unavailable. See *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1162 n. 34 (9th Cir. 2001). Any requests designed to help "understand the origin" of changes to discretionary language in the "form policy" is not germane or discoverable.

    Discovery may be conducted in cases where the *de novo* standard of review is applied "only when certain circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995) (quoting *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1025 (4th Cir. 1993)). The Ninth Circuit has fairly recently underscored that conducting discovery in cases such as this one is the exception, not the rule, and that "in most cases " only the administrative record should be considered. *Opeta v. Northwest Airlines Pension Plan*, 484 F.3d 1211, 1217 (9th Cir. 2007).

Laurence F. Padway
May 9, 2008
Page 2

    We do not believe that your client will meet her burden of "clearly" establishing that the proposed discovery is "necessary" for the District Court to adequately conduct an "adequate" *de novo* review of the claim determination. Instead, it appears that the discovery is intended to support an *inference* of bias held by Dr. Howard and/or MLS based upon the number of reports, if any, prepared at Prudential's request and the conclusions reached in those reports. The number of reports, and the conclusion of those reports, without some other evidence that the reports were inaccurate in some fashion, is not "necessary" for the District Court to conduct its review. If the typical discovery standard, i.e., whether the requested information is relevant or reasonably calculated to lead to the discovery of admissible evidence, were the appropriate standard to use when gauging entitlement to discovery in this case, your proposed discovery would likely be appropriate. However, because your client is unable to show that, unlike a typical ERISA case, the requested discovery here is "necessary" to enable adequate *de novo* review, the proposed discovery is not appropriate.

    If we receive some information showing that the District Court cannot conduct an adequate de novo review without the information sought, we will reconsider our position. However, this information, if it exists, is not delineated in your April 24, 2008 letter and, as a result, we cannot agree that the proposed discovery is available here.

    Thank you for your attention to this matter.

Very truly yours,

GORDON & REES LLP

Ronald K. Alberts

RKA:kam

**EXHIBIT 3**

Law Offices of
# LAURENCE F. PADWAY

---

Board Certified in Civil Trial Advocacy, NBTA
Diplomate, National College of Advocacy

Writer's Direct Tel : (510) 814-0680
Facsimile           : (510) 814-0650
Office Number       : (510) 814-6100

1516 Oak Street
Suite 109
Alameda, CA 94501

E-mail    : Lpadway@padway.com


May 9, 2008

Ronald K. Alberts
Gordon and Rees
275 Battery Street, Suite 2000
San Francisco, Ca 94111

       Re: Burgess v. Prudential

Dear Mr. Alberts:

       Thank you for your letter today. Interestingly, virtually the same arguments were made by the defendants in the Prakash case, that discovery in a *de novo* review is inappropriate for the reasons which you set forth.

       We successfully argued before Judge Zimmerman in Prakash that if an investigation is biased, and in particular if the insurer has selected a biased medical consultant, that information is equally relevant to evaluation of a claim whether the review is *de novo* or deferential. We argued in our opening memorandum in that case:

>        The law grants ERISA claimants "an opportunity to address the accuracy and reliability of the evidence." *Brown v. Retirement Comm. of Briggs and Stratton Retirement Plan,* 797 F. 2d 521, 534 (7th Cir. 1986). Bias of the consulting physicians is an important means of addressing that accuracy and reliability. The Ninth Circuit in *Regula v. Delta Family-Care Disability Survivorship Plan,* 266 Fed 3d 1130, 1143 (9th Cir. 2001) held that:
>
> ...far more troubling is the conflict of interest inherent when benefit plans repeatedly hire particular physicians as experts, Especially in cases such as this one, where the plan administrator is also the funding source, these experts have a clear incentive to make a finding of "not disabled" in order to save their employers money and to preserve their own consulting arrangements.

Mr. Ronald K. Alberts
May 9, 2008
Page 2

Although the Supreme Court in *Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003) overruled *Regula*, the Supreme Court agreed with the Ninth Circuit's perception of the repeatedly retained plan physician, 538 U.S. at 832. Other courts also caution against "consultant[s]... hired by the administrator of a private plan [who]...may have financial incentive to be hard-nosed in his claims evaluation in order to protect the financial integrity of the plan and of the employer that funds it." *Hawkins v. First Union Corporation Long Term Disability Plan*, 326 Fed. 3d 914, 917 (7th Cir. 2003).

Use of biased medical consultants constitutes bad faith by a disability insurer. In *Hangarter v. Provident Life and Accident Insurance Co.* 373 Fed. 3d 998, 1011 (9th Cir. 2004) the Ninth Circuit held that repeated use of the same medical consultant evidences a biased investigation and bad faith:

> Evidence was also presented that Defendants exhibited bias in selecting and retaining Dr. Swartz as the IME. Paul Revere used Dr. Swartz nineteen times from 1995 to 2000. Caliri testified that when an insurer "use[s] the same [IME] on a continual basis," the medical examiner becomes "biased" because they "lose their independence." Similarly, evidence showed that in thirteen out of thirteen cases involving claims for total disability, Dr. Swartz rejected the insured's claim that he or she was totally disabled.

Several district courts have found limited discovery permissible in an ERISA action even prior to the sweeping changes brought by the Ninth Circuit's decision in *Abatie v. Alta Health & Life Insurance Co.,* 458 F.3d 955 (9th Cir.2006). *See, e.g., Frost v. Metropolitan Life Ins. Co.,* 414 F .Supp.2d 961, 964-65 (C.D.Cal.2006) (allowing discovery to show doctor's relationship to insurance company); *Medford v. Metropolitan Life,* 244 F.Supp.2d 1120, 1128 (D.Nev.2003) (allowing limited discovery on issues related to standard of review and whether there was a conflict of interest affecting the benefits decision); *Waggener v. UNUM Life Insurance,* 238 F.Supp.2d 1179, 1186 (S.D.Cal.2002) (allowing discovery of "information regarding the independence or neutrality of the physicians utilized by Unum")

Sun Life asserts that discovery is not permitted in ERISA cases without a prior court order authorizing discovery – but it was unable to provide any authority for this proposition. Moreover, even if some older cases discussed limiting discovery in ERISA cases, Judge Wilkins noted recently that

> ...the Ninth Circuit's decision in *Abatie v. Alta Health & Life Insurance Co.,* 458 F.3d 955 (9th Cir.2006), ... changed the law on the standard of review in ERISA cases. *Abatie's* holdings also impacted the right of ERISA plaintiffs to obtain discovery. *See Shemano-Krupp v. Mutual of Omaha Ins. Co.,* 2006 WL

3365595,at *9 (N.D.Cal.); *Toven v. Metro. Life Ins. Co.,* 2007 WL 2713579, at *1 (C.D.Cal.).

*King v. Cigna Corp*. 2007 WL 4365504 (N.D.Cal.,2007).

Illustrative of typical ERISA discovery is *Winz-Byone v. Metropolitan Life Insurance Co.,* 2007 WL 4276751 (C.D. Cal. 2007) affirming a Magistrate Judge's discovery order which read, in part:

> ...plaintiff is entitled to discovery that explores the structural
>
> conflict of interest, i.e., how much money was received from defendants, what percentage of the total salaries is provided by defendants, etc. These areas of inquiry are relevant to the nature, extent, and affect of the conflict of interest. *Harper v. Unum Life Ins. Co. of America,* 2007 WL 1792004 *5 (E.D.Cal. June 19, 2007); *see also Groom v. Standard Ins. Co.,* 492 F.Supp.2d 1202, 1206 (C.D.Cal.2007) (relevant inquiries might include inquiries designed to obtain evidence of malice, of self-dealing, or of a parsimonious claims-granting history). The Court's finding is not affected by the fact that Dr. Lumpkins is an independent physician consultant. *See Liu v. Standard Ins. Co.,* 457 F.Supp.2d 1030, 1038 (C.D.Cal.2006) (leave granted in ERISA case to conduct limited depositions of two independent physician consultants with regard to the conflict of interest issue.

The Ninth Circuit recognized the legitimacy of discovery in ERISA cases in *Welch v. Metropolitan Life Ins. Co.,* 480 Fed. 3d 942 (9th Cir. 2007) where the court reviewed an award of attorneys' fees. The district court had reduced the fee request by four hours to eliminate time spent pursuing discovery because "it was not at all clear...that any discovery was appropriate." The Ninth Circuit reversed, holding at page 948, that

> "Because an ERISA plaintiff may be permitted to supplement the administrative record with evidence of a conflict of interest on the part of the defendant, *see Tremain v. Bell Industries, Inc.,* 196 F.3d 970, 976-77 (9th Cir.1999), we agree with Welch that some discovery aimed at demonstrating a conflict of interest may have been appropriate."

Congress enacted ERISA "'to increase the likelihood' that beneficiaries 'will receive their full benefits.'" *Kearney v. Standard Ins. Co.,* 175 F.3d 1084,

Mr. Ronald K. Alberts
May 9, 2008
Page 4

1094 (9th Cir.1999). The discovery proposed is essential to allow Mrs. Prakash to prove the terms of the insurance policy and the bias of the insurer, and accordingly, it will "increase the likelihood" that she will receive her full benefits.

In opposition to the motion, Sun Life argued, as you do in your letter, that its stipulation to *de novo* review obviated the need for any discovery. We replied:

> **2. The Issue of Bias is Not Resolved Merely Because Review Will be De Novo.**
>
> Sun Life cites no authority for the proposition that discovery is disallowed because it says it will stipulate to *de novo* review. Its citation to *Abatie v. Alta Health & Life Ins. Co.,* 458 Fed. 3d 955 (9th Cir. 2006) is inopposite. It is true that *Abatie* discussed discovery in the context of a deferential review, but that is because *Abatie* involved deferential review. *Abatie* says nothing about how discovery is impacted by a *de novo* review because that issue was not before the Court. The rule regarding discovery in *de novo* review cases is not significantly different than discovery in deferential review cases:
>
>> The court concurs with the thoughtful analysis of the magistrate judge's ruling in *Waggener v. UNUM Life Ins. Co.,* 2002 WL 31818932 (S.D.Cal.) where the judge tailored the scope of discovery in a case in which both parties conceded there would be *de novo* review in an ERISA benefits denial case. There the court recognized the goal of ERISA in maintaining premium costs at a reasonable level and allowing for prompt and fair resolution of claims, reasoning "discovery simply cannot be as broad and over reaching as in other types of cases." *Id.* at 6. The magistrate judge in *Waggener* artfully synthesized the cases and struck a balance between the goals of ERISA with the court's need to make an informed and independent review of the denial of benefits. Like the court in *Waggener,* the undersigned will limit the scope of discovery in this case to information relevant to the following: 1) whether a conflict of interest existed between the administrators of the plan or plan fiduciaries and the plan beneficiaries; 2) if there was a conflict, the manner or extent to which the conflict of interest affected the defendants in making the benefits decision at issue; and 3) the independence or neutrality of physicians or others whose medical opinions defendants relied upon in terminating plaintiff's disability benefits. When such information is not available from the administrative record, plaintiff shall be entitled to such discovery as otherwise contemplated under the Federal Rules of Civil Procedure.

Mr. Ronald K. Alberts
May 9, 2008
Page 5

> *Medford v. Metropolitan Life Ins. Co.,* 244 F.Supp.2d 1120, 1129 (D.Nev.,2003)
>
> *Waggoner v. Unum Life Ins. Co. of America*, 238 F. Supp. 2d 1179 (S.D. Cal.., 2002), is cited in Medford only by its Westlaw citation, but the case was, in fact published.
>
> Sun Life argues that providing statistical evidence of the number of times that a particular physician opined in favor of and against the award of disability benefits would be a burdensome task.
>
> It is true that in a *de novo* review, the Court does not rely upon the plan administrator to decide whether the insured is disabled or not. However, the Court does rely on the administrative record and if that record has been compiled in a self-serving way by the insurer, it is just as important that the Court know this fact in a *de novo* case than in a deferential review case. The basic inquiry is whether or not the insurer has used "ringers" for medical consultants. That is, are the medical consultants biased against the insured? Because the Plan Administrator, if it is biased, controls the selection of the medical consultants, and largely controls the content of the administrative record, substantially the same discovery is required whether review is *de novo* or deferential. Use of biased medical consultants constitutes bad faith by a disability insurer. In *Hangarter v. Provident Life and Accident Insurance Co.* 373 Fed. 3d 998, 1011 (9th Cir. 2004) the Ninth Circuit held that repeated use of the same medical consultant, who routinely opined in favor of the insurer, evidenced a biased investigation and bad faith.

This argument persuaded Judge Zimmerman to order discovery. We recognize that Judge Zimmerman's order is not published, is not precedential and does not bind the Court here. But it does illustrate that your client has some vulnerability on the discovery issue, and we urge you to reconsider your position.

Additionally, we request that you address this question: *assuming, arguendo,* that the Court will allow some discovery on bias, what do you believe is the best and easiest way to obtain meaningful information concerning the frequency with which Dr. Howard opines favorably towards the insurer compared as opposed to holding an opinion similar to that of the treating physician? We did make several proposals concerning how the discovery could be conducted and your letter does not address any of those.

I will begin work on our motion for discovery on Tuesday next week, and if you want to reconsider the matter and see if there is some middle ground which you can accomodate,

Mr. Ronald K. Alberts
May 9, 2008
Page 6

I look forward to hearing from you.  Otherwise, I appreciate very much your thoughtful consideration of the issue, and your agreement to stipulate to *de novo* review, and we will, at least, have focused the attention of the Court on the central issue which separates the parties.

      Thank you, again, for your efforts at resolving this issue.  I look forward to hearing from you concerning the question of how best to conduct the disccovery should the Court determine to allow it, and for any thought you might give this matter on reconsideration.

      Very truly yours,


      Laurence F. Padway