1  Laurence F. Padway (SBN: 083914)
   Karen K. Wind (SBN: 124852)
2  LAW OFFICES OF LAURENCE F. PADWAY
   1516 Oak Street, Suite 109
3  Alameda, CA 94501
   Telephone: (510) 814-6100
4  Facsimile:  (510) 814-0650

5  Attorneys for Plaintiff

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 LINDA BURGESS,                      CASE NO. C07-05310 JSW

12            Plaintiff,               **PLAINTIFF'S REPLY TO**
                                       **OPPOSITION TO PLAINTIFF'S**
13 v.                                  **MOTION TO ALLOW DISCOVERY**

14 TOWNSEND AND TOWNSEND
   AND CREW LLP LONG TERM             Date:   July 18, 2008
15 DISABILITY PLAN,                    Time:   9:00 a.m.
                                       Ctrm:   2 (17th Floor)
16            Defendant,               Judge:  Honorable Jeffrey S. White

17

18 THE PRUDENTIAL INSURANCE
   COMPANY OF AMERICA,
19

20            Real Party in Interest.

21

22

23            Plaintiff Linda Burgess hereby submits her reply to Defendant's opposition to

24 Plaintiff's motion for an order to allow discovery in this action in which the Court will review

25 de novo Prudential's decision to terminate Plaintiff's disability benefits.

26

27            Prudential opposes Plaintiff's motion by raising arguments about the admissibility

28 in ERISA cases of evidence outside the administrative record.   Prudential relies most heavily on

1    *Monguelzo v. Baxter Travenol Long Term Disability*, 46 F.3d 938 (9th Cir. 1995).  Defendant's

2    Opposition to Plaintiff's Motion to Allow Discovery ("Def.Opp.") at 7:19 - 9:2.   However,

3    Prudential's reliance on *Monguelzo* is misplaced.   *Monguelzo* is not, as Prudential avers, "the

4    controlling authority pertaining to discovery in an ERISA case."  Def.Opp. at 9:9.   No

5    discovery issues were before the Circuit Court in  *Monguelzo.*  The only issue was the admission

6    of new evidence at trial by a district court performing a de novo review of a plan administrator's

7    decision.  *Id.* at 943.  Moreover, contrary to Prudential's suggestion, *Monguelzo* does not require

8    "exceptional" circumstances for a trial court to admit extrinsic evidence on de novo review.

9    Def.Opp. 7:19.   The standard set by *Monguelzo* was whether new evidence would "enable the

10   full exercise of informed and independent judgment" of the court.  46 F.3d at 943.

11

12          As more recent decisions in the Ninth Circuit illustrate, the admissibility of

13   evidence in ERISA cases is becoming more in line with other civil cases.   Without question, a

14   district court may consider new evidence upon de novo review.  Simply stated in *Abatie v. Alta*

15   *Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006): "Today, we continue to recognize that, in

16   general, a district court may review only the administrative record when considering whether a

17   plan administrator abused its discretion, **but may admit additional evidence on de novo**

18   **review**."  458 F.3d at 970 (emphasis added).  Further, the Court in *Saffon v. Wells Fargo & Co.*

19   *Long Term Disability Plan*, 522 F.3d 863 (9th Cir.  2008), made clear that extrinsic evidence is

20   also admissible in an ERISA case when the standard of review is abuse of discretion.  "Wells

21   Fargo claims that our precedents forbid the district court from hearing additional evidence. . . .

22   But *Abatie* held that district courts may take additional evidence . . .  and to the extent that our

23   earlier cases conflict with *Abatie*, a later en banc decision, those cases are no longer good law."

24   ***Id***. at 873, fn.2.

25

26          Of course,  the issue before the court on this motion is not whether the evidence

27   to be obtained will be admissible at trial.  However, as the admissibility standards in ERISA

28   cases have evolved, particularly with *Abatie* and *Saffon*, discovery becomes all the more

1    important.  A claimant cannot offer evidence to assist the court in its review unless that claimant

2    has had the tools by which to obtain the evidence in the first place.  There can be no reasonable

3    justification for denying discovery to an ERISA plaintiff if that discovery  would be allowed in

4    another type of civil action.  As acknowledged by the Supreme Court, benefit claimants should

5    not fare worse under ERISA than they did prior to its enactment.  *Firestone Tire & Rubber Co.*

6    *v. Bruch*, 489 U.S. 101, 113-14 (1989).

7

8            Further, an ERISA plaintiff should not be held to a higher standard for discovery

9    than in other civil cases.   Prudential maintains that any discovery to be allowed must be

10   "necessary" for the court to conduct an adequate de novo review. Def.Opp. 9:21-24.  However,

11   as its only authority, Prudential cites *Thomas v. Continental Cas. Co.*, 7 F.Supp.2d 1048 (C.D.

12   Cal. 1998),  a case that concerned the admissibility of evidence, not the discovery of evidence.

13   Moreover, as a practical matter, how can a plaintiff discern what evidence may be "necessary" to

14   the court without doing discovery first?

15

16           Plaintiff is not pursuing a "fishing expedition," given that counsel has made very

17   limited and reasonable discovery requests.  The number and disposition of disability reports by

18   Dr. Howard and MLS are obviously relevant matters to show possible bias against claims.

19   Prudential does not dispute the Ninth Circuit Court's concern that outside consultants may have

20   a "clear incentive" to find no disability exists in order to keep their contracts.  *Regula v. Delta*

21   *Family-Care Disability Survivorship Plan*, 266 F.3d 1130, 1143 (9th Cir. 2001)(holding

22   overruled on other grounds).  Prudential "protests too much" in opposing discovery of

23   information about Dr. Howard and MLS.   Prudential likely keeps a data base of its outside

24   consultants, so it cannot be unduly burdensome to determine the number of reports from Dr.

25   Howard and MLS over the past five years.  Moreover,  the disposition of a disability report is

26   typically not difficult to ascertain, as the reporting doctor either supports or rejects a finding of

27   disability.  If Prudential needs further clarification, Plaintiff can provide general guidelines as to

28   how Prudential should evaluate the disability reports.  No privacy concerns exist, as Plaintiff

1    does not seek the names or personal information about other claimants, just the determinations of

2    "disabled" or "not disabled."

3

4            Prudential also fails to rebut Plaintiff's argument about why the history of the

5    policy is discoverable.  Again, there is a discrepancy between the policy language and the SPD

6    regarding claim determinations.  The SPD favors Prudential in that it states Prudential has

7    discretionary authority.  Apparently, that discretionary language was never in or was removed

8    from the policy.  The policy history is relevant to Prudential's credibility as a neutral claims

9    administrator, because it may show that Prudential was not dealing with the policy beneficiaries

10   in good faith.  Certainly, Prudential's credibility and good faith are at issue, and Plaintiff should

11   be allowed to discover how Prudential allowed the discrepancy between the policy language and

12   the SPD to develop.

13

14           In conclusion,  Plaintiff respectfully requests the Court allow discovery as

15   requested in her motion.

16

17                                          LAW OFFICES OF LAURENCE F. PADWAY

18

19                                                  /s/
     Dated: June 12,  2008           By:_____
20                                                 Karen K. Wind
                                                   Attorney for Plaintiff
21

22

23

24

25

26

27

28