IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BURGESS,<br><br>    Plaintiff,<br><br>  v.<br><br>TOWNSEND AND TOWNSEND AND CREW LLP LONG TERM DISABILITY PLAN,<br><br>    Defendant. | No. C 07-05310 JSW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CONDUCT DISCOVERY** |

Now before the Court is Plaintiff's motion to conduct discovery. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for July 18, 2008 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court hereby denies Plaintiffs' motion to conduct discovery.

In this matter, Plaintiff is challenging the denial of benefits by the Townsend and Townsend and Crew LLP Long Term Disability Plan ("Plan"), which is funded by an insurance policy issued by The Prudential Insurance Company of America ("Prudential"). Plaintiff seeks to take discovery to determine whether a doctor hired by Defendant to conduct an independent peer review report was biased and seeks discovery on an alleged conflict between the Plan and the summary plan description regarding the scope of the administrator's discretion.

The parties have stipulated that the denial should be reviewed de novo. "Under de novo review, the Court will determine whether Plaintiff is entitled to benefits based on the

evidence in the administrative record and other evidence as might be admissible under the restrictive rule of *Mongeluzo [v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938 (9th Cir. 1995)]." *Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (internal quotes and citation omitted). The restrictive rule of *Mongeluzo* provides that the Court may consider extrinsic evidence only under "certain limited circumstances." *Mongeluzo*, 46 F.3d at 1217. Based on this rule, courts have held that "[d]iscovery outside of the administrative record under the de novo standard of review is limited to unusual cases." *Steiner v. Hartford Life and Accident Ins.*, 2004 WL 2271599, *2 (N.D. Cal. June 4, 2004); *see also Leick v. Hartford Life and Accident Ins.*, 2007 WL 1847635, *1 (E.D. Cal. June 27, 2007).

The court in *Steiner* noted that in the "few instances when courts have permitted discovery outside that record, it has been for the purpose of justifying a shift to a heightened standard of review, from abuse of discretion to de novo review." *Steiner*, 2004 WL 2271599 at *2. Where the parties had already stipulated that de novo review was appropriate, the court found that extra-record discovery was not necessary. *Id*.

Here, Plaintiff seeks discovery on matters which may be relevant if the Court were determining whether to shift to a heightened standard of review, from abuse of discretion to de novo review. However, similar to *Steiner*, the parties have already stipulated that this Court should apply the de novo standard of review, and thus the discovery sought by Plaintiff is not necessary. Accordingly, the Court HEREBY DENIES Plaintiff's motion to conduct discovery.

The Court FURTHER ORDERS that by no later than July 22, 2008, the parties shall file a stipulated briefing schedule with respect to their cross-motions for summary judgment which shall provide that the last brief is filed at least three weeks before the hearing date.

**IT IS SO ORDERED.**

Dated: July 16, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2