IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BURGESS,<br><br>    Plaintiff,<br><br>v.<br><br>TOWNSEND AND TOWNSEND AND CREW LLP LONG TERM DISABILITY PLAN,<br><br>    Defendant.<br>_____ / | No. C 07-05310 JSW<br><br>**ORDER DENYING PARTIES'**<br>**CROSS-MOTIONS FOR**<br>**SUMMARY JUDGMENT** |

Now before the Court are the cross-motions for summary judgment filed by plaintiff Linda Burgess ("Plaintiff") and defendant Townsend and Townsend and Crew LLP Long Term Disability Plan ("Defendant" or "the Plan"). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for October 10, 2008 is HEREBY VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby denies both parties' motions.

**BACKGROUND**

This action arises from the denial of Plaintiff's claim for benefits under the Plan provided by her employer, Townsend and Townsend and Crew LLP ("Townsend"). The Plain is funded by an insurance policy issued by The Prudential Insurance Company of America ("Prudential"). Plaintiff brought this action to challenge the denial of her claim for disability

benefits under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

The Plan provides long term benefits to qualified employees if they are rendered "disabled" within the meaning of the term in the Plan. The Plan defines "disabled" in pertinent part as:

> You are disabled when Prudential determines that:
>
> • you are unable to perform the ***material and substantial duties*** of your ***regular occupation*** due to your ***sickness*** or ***injury***;
>
> • you have a 20% or more loss in your ***indexed monthly earnings*** due to that sickness or injury; and
>
> • you are under the ***regular care*** of a doctor.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any ***gainful occupation*** for which you are reasonably fitted by education, training or experience. ...
>
> ***Material and substantial duties*** means duties that:
>
> • are normally required for the performance of your regular occupation; and
>
> • cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.
>
> ***Regular occupation*** means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.
>
> ***Gainful occupation*** means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 66 2/3% of your indexed monthly earnings within 12 months of your return to work.

(PRUB00632.)

Plaintiff contends that she became disabled on July 14, 2005, while she was employed as a legal secretary for Townsend. Prudential approved Plaintiff's request for long term disability benefits from July 14, 2005 through November 13, 2005. The parties dispute whether Plaintiff continued to be disabled after November 13, 2005. The Court will address any additional specific facts as required in the analysis.

**ANALYSIS**

**A.     Legal Standard on Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A party moving for summary judgment who does not have the ultimate burden of persuasion at trial, must produce evidence which either negates an essential element of the non-moving party's claims or show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A party who moves for summary judgment who does bear the burden of proof at trial, must produce evidence that would entitle him or her to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000).

Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). It is not the Court's task to "scour the record in search of a genuine issue of triable fact." *Id.* (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. "In considering

3

1  a motion for summary judgment, the court may not weigh the evidence or make credibility

2  determinations, and is required to draw all inferences in a light most favorable to the non-

3  moving party." *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir. 1997).

**B.     The Parties' Cross-Motions for Summary Judgment.**

ERISA allows a participant in an employee benefit scheme to bring a civil action to recover benefits due under the terms of a plan. 29 U.S.C. § 1132(a)(1)(B). Courts review a denial of benefits challenged under § 1132(a)(1)(B) "under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989). Here, the parties have stipulated that the Court should review the denial of benefits *de novo*. Under the *de novo* standard, "in considering motions for summary judgment, the district court must decide whether there are genuine issues of material fact, not whether there was substantial or ample evidence to support the plan administrator's decision." *Mongeluzo v. Baxter Travenol Disability Benefit Plan,* 46 F.3d 938, 942 (9th Cir. 1995).

Upon review of the administrative record, the Court finds that there are questions of fact regarding whether Plaintiff is disabled under the terms of the Plan which preclude the Court from granting either party's motion for summary judgment. (*See, e.g.*, PRUB00001-12, PRUB00025-36.) The Court thus denies the parties' cross-motions for summary judgment.[1]

**CONCLUSION**

For the foregoing reasons, the Court denies the parties' cross-motions for summary judgment. IT IS FURTHER ORDERED that the Case Management Conference scheduled for October 10, 2008 is VACATED.

Pursuant to Northern District Civil Local Rule 72-1, this matter is HEREBY REFERRED to a randomly assigned Magistrate Judge for purposes of conducting a settlement conference, to be completed within ninety days, if possible. In the event the parties are unable to resolve the matter, they are ORDERED to appear for a further case management conference

---

[1] The Court need not rule on Defendant's evidentiary objections because the Court did not need to consider such evidence in order to resolve the parties' cross-motions for summary judgment.

4

1  on January 30, 2009 at 1:30 p.m.  The parties shall submit a further case management statement
2  by no later than January 23, 2009, setting forth proposed dates for the pretrial conference and
3  trial.  In their case management statement, the parties shall also propose a briefing schedule for
4  submitting trial briefs.  To the extent either party seeks to submit evidence beyond the
5  administrative record, they must make a showing under *Mongeluzo*, 46 F.3d at 943-44, that the
6  circumstances demonstrate that the additional evidence is necessary for the Court to conduct an
7  adequate *de novo* review of the benefit decision.  Moreover, to the extent Plaintiff seeks to
8  submit her five-page statement, Plaintiff must demonstrate good cause for not seeking to
9  supplement the administrative record with this evidence before the deadline of March 19, 2008.
10     **IT IS SO ORDERED.**

*Jeffrey S. White*

1  Dated: October 7, 2008

2  JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE

5  cc:    Wings Hom