RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
THE PRUDENTIAL INSURANCE CO. OF AMERICA and TOWNSEND AND TOWNSEND AND CREW LLP LONG-TERM DISABILITY PLAN

FILED
NOV 20 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA BURGESS,<br><br>     Plaintiff,<br><br>vs.<br><br>TOWNSEND AND TOWNSEND AND CREW LLP LONG-TERM DISABILITY PLAN,<br><br>     Defendant.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>     Real Party in Interest. | CASE NO. C07-05310 (JSW)<br><br>**DEFENDANTS' REQUEST FOR PRUDENTIAL'S REPRESENTATIVE TO APPEAR BY PHONE AT THE MANDATORY SETTLEMENT CONFERENCE AND [PROPOSED] ORDER PERMITTING APPEARANCE BY PHONE**<br><br>Date:     November 25, 2008<br>Time:    10:00 a.m.<br>Before:  Hon. James Larson<br>Location: Courtroom F, 15th Floor |

Defendants The Prudential Insurance Company of America ("Prudential") and Townsend and Townsend and Crew LLP Long Term Disability Plan (collectively "Defendants") respectfully request leave from the Court for their representative, Len Giusti, to appear by phone at the Mandatory Settlement Conference ("MSC") set for November 25, 2008 at 10:00 a.m., before Hon. James Larson, Chief Magistrate Judge. In the alternative, Defendants request a continuance of the MSC date because Prudential cannot have a representative attend the MSC in person on November 25, 2008. The Court has good cause to grant Prudential's request for telephonic appearance

///

1
DEFENDANTS' REQUEST FOR PRUDENTIAL'S REPRESENTATIVE
TO APPEAR BY PHONE AT THE MANDATORY SETTLEMENT
CONFERENCE AND [PROPOSED] ORDER PERMITTING APPEARANCE BY PHONE

C07-05310 (JSW)

Mr. Giusti is Prudential's in-house Litigation Manager and he is based in New Jersey. Mr. Giusti has numerous pending litigation matters that he is responsible for handling. Requiring Mr. Giusti to personally attend this MSC would be burdensome, cause undue cost and impact his ability to handle his entire caseload, all causing Prudential substantial hardship.

If permitted to do so, Mr. Giusti will attend the MSC on November 25, 2008 through a dedicated phone line, and will be able to participate in every phase of the MSC. Mr. Giusti has been involved in evaluating the issues in this case and the respective party positions since the filing of this lawsuit. Mr. Giusti has full authority to negotiate a settlement on behalf of Prudential in this action.

Mr. Giusti is knowledgeable about the requirements for telephonic appearances under these circumstances. He has successfully made telephonic appearances at prior court ordered mediations and private ADR in this judicial district. Permitting Mr. Giusti to appear telephonically will not negatively impact the parties' ability to resolve the case.

Prudential's counsel, Tad Devlin, met and conferred with Plaintiff's counsel, Laurence Padway, regarding this issue and Padway set forth an unreasonable objection to Mr. Giusti's phone appearance. On October 27, 2008, Devlin asked if Padway objected to Prudential's representative appearing at the MSC telephonically. (Exhibit A, Devlin's email correspondence with Padway.) Devlin advised Padway that Prudential's representative would be dedicated to attending the MSC by telephone and this would alleviate the burden of having Prudential's representative travel from New Jersey to attend the MSC. Devlin also advised Padway that a phone appearance, as opposed to a live appearance by Prudential's representative, would not impact the MSC and the parties' ability to resolve the case.

Padway responded that he would not stipulate to allow a telephonic appearance given "the past history." (Exhibit A) Padway stated, "…we did not have a representative at the mediation, and we also did not have any realistic appraisal of the case at the mediation. So let's see if we do better with someone actually appearing this time. They can always save money by settling ahead of the hearing." (Exhibit A)

2
DEFENDANTS' REQUEST FOR PRUDENTIAL'S REPRESENTATIVE
TO APPEAR BY PHONE AT THE MANDATORY SETTLEMENT
CONFERENCE AND [PROPOSED] ORDER PERMITTING APPEARANCE BY PHONE

C07-05310 (JSW)

1  Padway is using Prudential's request for telephonic appearance and his unreasonable
2  objection to the request for agreement to telephonic appearance as an improper leverage point.
3  Padway's objection and position is simply an effort to burden Prudential and force it to
4  resolution on terms acceptable to Padway.
5  Prudential did value the case at mediation and will have done so again for purposes of the
6  MSC. Simply because Prudential and Plaintiff do not see eye to eye on case value does not
7  justify Padway's objection and position on Prudential's telephonic appearance at the MSC. The
8  parties disagree on settlement value and hopefully will be able to bridge the gap at the MSC and
9  resolve the case. This can be accomplished in this case, as has been done in the past in other
10 cases, with Prudential's telephonic appearance at the MSC. In this economy, there is no need to
11 force a live appearance at the MSC, which would require Prudential to incur substantial costs,
12 when Mr. Giusti can attend and meaningfully participate by telephone. Padway's attempt to
13 force Prudential to appear live is counterproductive to conducting negotiations in good faith.
14 On November 14, 2008, Defendants' counsel, Shannon L. Victor, attempted to meet and
15 confer with Plaintiff's counsel again. She left Padway a message regarding Defendants' request
16 for Prudential's representative to appear by telephone at the MSC, and regarding Defendants'
17 prior request for a settlement demand from Plaintiff. (On October 28, 2008, Defendants had
18 requested Plaintiff tender a settlement demand pursuant to this Court's Order dated October 9,
19 2008. (Exhibit B, Defendants' request for settlement demand.)). Victor attempted to meet and
20 confer with Padway again on November 17, 2008, and left him another message.
21 On November 18, 2008, Padway finally tendered Plaintiff's settlement demand to Devlin.
22 Padway has not respond to Victor's message from November 14, 2007 seeking to discuss
23 Defendants' request to allow Plaintiff's representative to appear telephonically at the MSC.
24 Defendants have diligently attempted to obtain Plaintiff's settlement demand, which will
25 make the MSC more productive. Now that Plaintiff has tendered her settlement demand,
26 Defendants and Mr. Giusti will review and evaluate it in advance of the MSC. If permitted to do
27 so, Mr. Giusti will be fully prepared to attend the MSC telephonically. This further mitigates
28

3
DEFENDANTS' REQUEST FOR PRUDENTIAL'S REPRESENTATIVE
TO APPEAR BY PHONE AT THE MANDATORY SETTLEMENT
CONFERENCE AND [PROPOSED] ORDER PERMITTING APPEARANCE BY PHONE

C07-05310 (JSW)

1 any alleged need for Mr. Giusti to make a live appearance.

2 If the Court is not inclined to permit Prudential to appear by phone at the MSC, Prudential alternatively respectfully requests the MSC date be continued to a date convenient for the Court and the parties, because Prudential's representative cannot appear in person the MSC on November 25, 2008.

DATED: November 18th, 2008      GORDON & REES LLP

By _____
Ronald. K. Alberts
Tad A. Devlin
Attorneys for Defendants
TOWNSEND AND TOWNSEND AND CREW LLP
LONG-TERM DISABILITY PLAN and THE
PRUDENTIAL INSURANCE CO. OF AMERICA

### [PROPOSED] ORDER

Good cause appearing, the Court hereby grants Defendants' request for Prudential's representative to appear by telephone at the Mandatory Settlement Conference on November 25, 2008.

~~Alternatively, the Court grants Defendants' request for a continuance of the Mandatory Settlement Conference to a date and time convenient with the Court and the parties in this action, and vacates the Mandatory Settlement Conference set for November 25, 2008.~~

IT IS SO ORDERED.

11-20-08

_____
Hon. James Larson
Magistrate Judge of the United States District Court
Northern District of California